UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH T. CURRY,

    Plaintiff,

    v.

BARBARA KNOEPPEL, *et al.*,

    Defendants.

Case No. C06-5661 FDB

ORDER DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS,* FOR APPOINTMENT OF COUNSEL, AND TO HAVE THE U.S. MARSHAL SERVE SUMMONS AND COMPLAINT

    Plaintiff has filed an application to proceed *in forma pauperis* in the above-entitled civil rights matter asserting false imprisonment. A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). Plaintiff has submitted an affidavit detailing that he is presently unemployed and has received $1,900.00 in the way of gifts and income in the past 12 months and that he owns three automobiles with a total value of less than $1,000.00. The Plaintiff lists expenses in the amount of approximately 600.00 per month. The Plaintiff also indicates that he receives disability or workers compensation payments.

ORDER - 1

The Court, however cannot ascertain from Plaintiff's papers the amount of these payments. Without this information, an inability to pay expenses required to proceed with this action as not been established. Plaintiff's motion for leave to proceed *in forma pauperis* will be denied.

Plaintiff also moves for appointment of counsel. Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(d), the court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). While the court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989). In order to determine whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, at 1335-36; Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988).

Plaintiff has not demonstrated a likelihood of success on the merits or exceptional circumstances which warrant appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel will be denied.

Finally, Plaintiff requests that the Court direct the U.S. Marshal to serve summons and complaint on the Defendants. As previously determined, Plaintiff has nor established an inability to pay the expenses of this litigation. The request for service by the U.S. Marshal will be denied.

ACCORDINGLY,

IT IS ORDERED:

(1) Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Dkt. #1] is DENIED.

(2) Plaintiff's Application for Court Appointed Counsel [Dkt. #2] is DENIED.

ORDER - 2

(3) Plaintiff's Motion that the U.S. Marshal serve Summons/Pleadings [Dkt. #3] is DENIED.

DATED this 27th day of November, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3